O’SCANNLAIN, Circuit Judge,
dissenting:
Because substantial evidence supports the adverse credibility finding, I respectfully dissent.
When asked why she converted to Christianity, Yingchun Zhang told an emotional story centering on her daughter’s accident and the fear she felt for her daughter’s safety. In determining that Zhang’s testimony was not credible, the immigration judge (“IJ”) relied on the fact that Zhang first mentioned this story on cross-examination, rather than in her asylum application. In affirming the IJ’s adverse credibility determination, the Board of Immigration Appeals (“BIA”) reasoned:
[Zhang] omitted from her asylum application the daughter’s accident and the role her daughter played in [her] conversion to Christianity. Given the emotional impact the daughter’s accident had on the respondent during her testimony, it was not unreasonable for the Immigration Judge to expect this information to be included in [Zhang’s] asylum application. Accordingly, this significant omission supports the Immigration Judge’s adverse credibility determination.
As the BIA rightly noted, significant omissions can support an adverse credibility finding, even in pre-REAL ID Act cases. In Kin v. Holder, we ruled that:
Petitioners omitted any mention of their participation in a demonstration that is the entire basis for their claim for political asylum. When confronted with the omission at the asylum hearing, Kin stated that he felt inclusion in the asylum applications was not necessary because the demonstration would be discussed at the hearing. This explanation is not persuasive enough to compel the conclusion that the omissions were immaterial.
595 F.3d 1050, 1057 (9th Cir.2010).
In this case, Zhang’s written application failed to mention the reason for her conversion to Christianity, which was the basis for her claims. When asked to explain why she never mentioned her daughter’s accident before her cross-examination testimony, Zhang claimed that her daughter’s accident was not very significant in her conversion: “Actually, my husband’s issue is the major reason that inspired me to believe God.” In light of the emotion with which Zhang described her daughter’s accident, her subsequent “explanation is not persuasive enough to compel the conclusion that the omission [was] immaterial.” Id.
For the foregoing reasons, I would deny the petition.